UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMIE RAYMOND, f/k/a Jamie Smith,

        Plaintiff,

  v.                                       Case No. 11-C-516

HERMAN A. NEINAS,

        Defendant.

**ORDER ON MOTION FOR SANCTIONS**

This diversity action arises out of an automobile accident that occurred in Door County on September 19, 2010. Six days prior to her marriage, the plaintiff was seriously injured when the vehicle in which was riding was struck by the defendant's vehicle as it attempted to cross the highway. The case is scheduled for a jury trial on May 8, 2012, with discovery to be completed by March 12, 2012. The case is currently before the Court on the defendant's motion to sanction the plaintiff by precluding her from calling an expert to testify on her half with respect to future pain and suffering and/or damages.

In support of the motion, the defendant cites a lengthy history of attempts to schedule the deposition of the treating orthopedic surgeon, Dr. Thomas Perlewitz, who practices in Milwaukee. Apparently, Dr. Perlewitz's busy schedule and/or his reluctance to cooperate in litigation has so far prevented both parties from being able to schedule his deposition on a mutually convenient date. As plaintiff notes, however, a physician's failure to cooperate in litigation is not a ground upon which to sanction the patient/plaintiff. A doctor who refuses to provide a date upon which he is

willing to appear and give a deposition can be issued a subpoena compelling him to attend. *See* Fed. R. Civ. P. 45. It is understandable that counsel have attempted to work cooperatively with the physician's office to schedule the deposition at a convenient time as opposed to simply issue a subpoena for him to appear at a set time and place. Given the lack of cooperation by the physician's office, however, it appears that a subpoena may be the only option. In any event, plaintiff's inability to obtain the cooperation of a treating physician does not constitute grounds to sanction her.

Defendant also notes, however, that plaintiff has failed to provide the expert witness disclosure required by Fed. R. Civ. P. 26(a)(2). That provision requires a party who intends to utilize expert testimony at trial to disclose ahead of time the identity of the expert, a statement of the opinions the expert will express, facts or data considered by the witness in forming those opinions, exhibits that will be used to summerize or support them, the witness' qualifications, a list of cases in which the witness has testified over the past four years, and the compensation that will be paid for the witness' assistance. Because plaintiff has failed to disclose such information, defendant argues she should be precluded from offering expert testimony at trial. In response, plaintiff notes that the rule applies to retained experts and since Dr. Perlewitz has not been retained for purposes of trial, plaintiff contends that the requirement of Rule 26(a)(2) do not apply.

Plaintiff is correct that Rule 26(a)(2) is not applicable since Dr. Perlewitz is not a retained expert within the meaning of Rule 26(a)(2). However, the local rules that apply in this district specifically address the disclosure required a treating physician who a party intends to utilize as an expert witness. Specifically, the rules state:

> A person, including a treating physician, who has not been retained or specifically employed to provide expert testimony, or whose duties as the party's employee do not regularly involve giving expert testimony, may be used to present evidence under Fed. R. Evid. 702, 703, or 704 only if the party offering the evidence discloses to every other party the information identified in Fed. R. Civ. P. 26(a)(2)(B)(i), although a report written and signed by the witness is not required.

Civil. L.R. 26(b)(1)(B). The reference to Fed. R. Civ. P. 26 creates an obligation on the part of the party calling the treating physician to provide opposing counsel with "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Thus, plaintiff is correct that the full disclosure required under Fed. R. Civ. P. 26(a)(2) is not required as to Dr. Perlewitz or any other treating physician. Absent a further disclosure as to what opinions Dr. Perlewitz or other treating physicians will give, however, plaintiff will be limited at trial to offering only those opinions expressed in the reports that have been furnished to defendant.

In other words, unless plaintiff has expressly disclosed to the defense opinions Dr. Perlewitz may have as to plaintiff's prognosis, he will be precluded from offering testimony at trial concerning permanency, future pain and suffering, and future loss of income. Since the record does not currently reflect what if any opinions plaintiff intends to offer from Dr. Perlewitz and whether those opinions have been previously disclosed, the motion for sanctions will be denied. Defendant is free to renew his motion at such time as plaintiff seeks to offer such testimony either at or before trial.

**SO ORDERED** this __23rd__ day of January, 2012.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge